UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RENE SAWANIE MERSWIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 09-CV-0051-CVE-PJC |
| ) | |
| THE WILLIAMS COMPANIES, INC., ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

Now before the Court is Defendant's Motion to Dismiss (Dkt. # 25). Defendant The Williams Companies, Inc. (TWC) asserts that plaintiff's claims under 42 U.S.C. § 1981 are barred by the doctrine of res judicata and that plaintiff has failed to state a claim under 42 U.S.C. § 1985. TWC requests dismissal of plaintiff's complaint under Fed. R. Civ. P. 12(b)(6).

**I.**

Beginning in 1999, plaintiff Rene Sawanie Merswin worked in the Information Technology Department (IT Department) at TWC as a systems analyst. Dkt. # 1, at 3. Plaintiff alleges that, during the course of his employment, he was subjected to discrimination based on his race and national origin. Id. at 4. On April 27, 2004, plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC). Id. During this time, TWC outsourced a portion of its IT Department to another company, IBM. Id. Plaintiff continued to work for TWC until July 1, 2004, at which point his employment with TWC was terminated due to the outsourcing of his position, and plaintiff began a term of short-term employment with IBM. Id. at 5. Plaintiff continued to work for IBM until March 2005. Id. at 6.

Plaintiff filed a complaint against TWC in this Court on August 1, 2005. Merswin v. The Williams Companies, 05-CV-0436-CVE-FHM (N.D.Okla.) (Merswin I). Plaintiff and TWC were the only parties to the action. His complaint alleged disparate treatment based on race and national origin in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, as amended, et seq. (Title VII) and § 1981, and further alleged that TWC "created and tolerated" a hostile work environment. Id., Dkt. # 1, at 3. Plaintiff also alleged that TWC retaliated against him for filing a charge with the EEOC. Id. After discovery was completed, TWC filed a motion for summary judgment. Id., Dkt. # 47. In December 2006, the Court granted defendant's motion for summary judgment and entered judgment for defendant on all of plaintiff's claims. Id., Dkt. ## 67, 68. The Court's opinion and order specifically addressed each of plaintiff's claims, including his retaliation claim. Id. Plaintiff appealed to the Tenth Circuit Court of Appeals, which affirmed the decision of this court in December 2007. Id., Dkt. #83. Plaintiff filed a petition for writ of certiorari with the United States Supreme Court, which was denied. See id., Dkt. ## 84, 85.

Not easily deterred, plaintiff filed this lawsuit against TWC in the Northern District of Georgia. Dkt. #1. Plaintiff and TWC are the only parties to the suit. The complaint in this case alleges retaliation and constructive discharge under § 1981 and obstruction of justice with intent to injure under § 1985(2). Id. TWC entered a special appearance and filed a motion to transfer (Dkt. # 3) to this Court, which was granted by the Northern District of Georgia. See Dkt. # 17. In this case, plaintiff reasserts claims arising from the outsourcing of his employment in 2004, and asserts a new claim that agents of TWC conspired to interfere with his civil rights in violation of § 1985. The complaint does not contain any specific factual allegations relating to his § 1985 claim, but he

2

alleges that "[a]s a direct result of Defendant's negligence and willful misconduct on September 6, 2006, Merswin also has suffered emotional harm and fear . . . ." Dkt. # 1, at 11.

## II.

In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court must determine whether the claimant has stated a claim upon which relief may be granted. A motion to dismiss is properly granted when a complaint provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). A complaint must contain enough "facts to state a claim to relief that is plausible on its face" and the factual allegations "must be enough to raise a right to relief above the speculative level." Id. (citations omitted). "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 562. Although Twombley was decided in the antitrust context, the United States Supreme Court recently held that Twombly "expounded the pleading standard for all civil actions." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1953 (2009). For the purpose of making the dismissal determination, a court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to claimant. Twombley, 550 U.S. at 555; Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 (10th Cir. 2007); Moffett v. Halliburton Energy Servs., Inc., 291 F.3d 1227, 1231 (10th Cir. 2002). However, a court need not accept as true those allegations that are conclusory in nature. Erikson v. Pawnee County Bd. Of County Comm'rs, 263 F.3d 1151, 1154-55 (10th Cir. 2001). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." Hall v. Bellmon, 935 F.2d 1106, 1109-10 (10th Cir. 1991).

### III.

Defendant asserts that plaintiff's claims of retaliation and constructive discharge under § 1981 are barred by the doctrine of res judicata, because the claims arise from the same transaction as those in his previous suit and the claims could have been litigated then. Defendant also argues that plaintiff has not stated a claim for obstruction of justice with intent to injure under § 1985. Because of these deficiencies, defendant asks the Court to dismiss the complaint under Rule 12(b)(6). Plaintiff responds that his § 1981 claims are not barred by the doctrine of res judicata because they do not arise from the same transaction as his claims in Merswin I, and he was not granted a full and fair opportunity to litigate his previous retaliation claim. Plaintiff further argues that he has sufficiently alleged a claim under § 1985, and he should be permitted to conduct discovery on this claim.

### A.

Defendant argues that plaintiff's claims under section 1981 for retaliation and constructive termination are barred by res judicata. Res judicata, also known as claim preclusion, is a common law doctrine that was developed to conserve judicial resources and promote efficiency. See Parklane Hosiery Co., Inc. v. Shore, 439 U.S. 322, 326 (1979) (doctrines of collateral estoppel and res judicata serve to "protect[] litigants from the burden of relitigating an identical issue with the same party or his privy and of promoting judicial economy by preventing needless litigation"). The Supreme Court has stated:

> that when a court of competent jurisdiction has entered a final judgment on the merits of a cause of action, the parties to the suit and their privies are thereafter bound "not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose."

Commr. v. Sunnen, 333 U.S. 591, 597 (1948) (quoting Cromwell v. County of Sac, 94 U.S. 351, 352 (1876)). Res judicata applies when there is "(1) a final judgement on the merits in an earlier action; (2) identity of parties or privies in the two suits; and (3) identity of the cause of action in both suits." Pelt v. Utah, 539 F.3d 1271, 1281 (10th Cir. 2008). When these requirements are met, res judicata will bar subsequent litigation not only of matters asserted in the first case, but also of those that might have been litigated in prior litigation. SIL-FLO, Inc., SFHC, Inc., 917 F.2d 1507, 1520 (10th Cir. 1990). However, res judicata does not apply if a party did not have a full and fair opportunity to litigate the claim in the prior action. Yapp v. Excel Corp., 186 F.3d 1222, 1227 (10th Cir. 1999).

Plaintiff argues that res judicata should not apply because Merswin I did not end with a judgment on the merits and he is asserting different claims for relief in this case. The second element, identity of the parties, is clearly met and plaintiff does not dispute that this element is present. The parties in this case are identical to the parties in Merswin I. Plaintiff also argues that he should be permitted to proceed with this case because he did not have a full fair and opportunity to litigate his § 1981 claims in Merswin I.

Construing plaintiff's pro se response broadly, it appears that he is asserting that Merswin I did not end with a judgment on the merits. Plaintiff argues that the judgment was not on the merits because he was not permitted to present his case to a jury. However, a summary judgment is a judgment on the merits sufficient to bind a party in future litigation over the same claims. Qualls v. NIU Bd. of Trustees, 272 Fed. Appx. 512, 513-14 (7th Cir. Apr. 1, 2008); Mpoyo v. Litton Electro-Optical Systems, 430 F.3d 985, 988 (9th Cir. 2005); Nathan v. Rowan, 651 F.2d 1223, 1226 (6th Cir. 1981); Weston Funding Corp. v. Lafayette Towers, Inc., 550 F.2d 710, 714 (2d Cir. 1977).

Plaintiff's first suit was disposed of through summary judgment; therefore, a final judgment was entered on the merits and the first requirement of res judicata is satisfied.

Plaintiff argues that his new § 1981 claims are not identical to the one in his original suit, and the third requirement of res judicata is not met. Plaintiff states that his claims are not precluded by the doctrine of collateral estoppel or issue preclusion "because the factual allegation [sic] or evidence of the conspiracy (and retaliation) claim raised in this present case shows that the issue of conspiracy and related retaliation is not identical to any issue previously decided." Dkt. # 26, at 6. Although he recites the elements for collateral estoppel, his argument could be construed to be applicable to res judicata as well. In order to determine if claims for relief are identical and the third requirement of res judicata is met, the Tenth Circuit has adopted the transactional approach of the Restatement (Second) of Judgments. Yapp, 186 F.3d at 1227. The transactional approach provides that a claim for relief which arises from the same transaction as a previous claim for relief in which a final judgment on the merits was entered will be precluded. Id. Under the transactional approach, this Court must consider "whether the facts are related in time, space, origin or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage." Petromanagement Corp. v. Acme-Thomas Joint Venture, 835 F.2d 1329, 1335 (10th Cir. 1988).

The Court finds that plaintiff's retaliation claim in this case is identical to his claim of retaliation in Merswin I, and the third element of res judicata is satisfied. Not only was retaliation asserted in the first suit, but also it was specifically addressed in the Court's opinion and order, see Merswin I, dkt. # 67, at 15, and judgment was entered for defendant on plaintiff's retaliation claim. The Court has compared plaintiff's complaint in this case with the complaint in Merswin I, and the

6

retaliation claims in each case are virtually identical. In both cases, plaintiff alleges that defendant outsourced his position to IBM in retaliation for plaintiff's decision to file a charge with the EEOC. The complaint in this case does not contain any new allegations suggesting that his retaliation claim raises new matters not addressed in Merswin I, and both retaliations claims are identical for the purpose of applying res judicata.

Unlike the retaliation claim, plaintiff did not specifically assert a constructive discharge claim in Merswin I. However, this claim is also barred because it arises from the same transaction as the claims asserted in Merswin I. Applying the Restatement factors, the constructive termination claim is identical in time, space, origin, and motivation to those of the claims asserted in Merswin I. Plaintiff's constructive discharge claim arises from the period in 2003 and 2004 when plaintiff claims he was wrongfully discriminated against and terminated, and is based on the same factual allegations as his claims in Merswin I. Because of this, the constructive termination claim could have been conveniently joined to the first trial unit and it would have conformed to the parties' expectations. Therefore, plaintiff's constructive discharge claim arises from the same transaction as his claims in Merswin I and could have been asserted in the prior case. The effects of res judicata cannot be defeated simply by alleging a new legal theory that could have been asserted in the prior litigation. Clark v. Haas Group, Inc., 953 F.2d 1235, 1238 (10th Cir. 1992). Since plaintiff could have asserted his constructive discharge claim in Merswin I, it is barred by res judicata unless plaintiff can show that he did not have a full and fair opportunity to litigate this claim in Merswin I.

Plaintiff also seeks to avoid dismissal by arguing that his § 1981 claims are based on post-termination incidents. He claims that agents of defendant poisoned him during his deposition in Merswin I and caused him to ramble incoherently during his deposition. He states:

> Plaintiff had not had "a fair and full opportunity to litigate" his claim or issue in the prior case because Williams' agents . . . tried to poison him through drinking water during his deposition testimony and then used portions of that deposition to discredit his action in order to obtain judgment from the court. Plaintiff was served water during his deposition that caused him injury, fear and emotional distress; and the evidence shows that the incident was a planned and deliberate act.

Dkt. # 26, at 3. In regard to the alleged poisoning at his deposition, plaintiff states "this act of conspiracy was another distinct retaliatory action outside the workplace against a former employee who exercised his civil rights through deposition testimony." Id. at 13. Unfortunately for plaintiff, this form of alleged retaliation is not protected by § 1981. Section 1981 protects only the right "to make and enforce contracts." 42 U.S.C. § 1981. Although the statute was amended to include a broader interpretation of "make and enforce," a deposition which took place two years following his termination does not qualify. While plaintiff's allegations might be relevant to a claim under § 1985(2), he cannot seek a remedy under § 1981 for any alleged incidents which occurred during his deposition. Thus, the third requirement of res judicata is satisfied and res judicata applies.

To proceed with his § 1981 claims in this Court, he must show that he was not granted a full and fair opportunity to litigate his § 1981 claims in Merswin I. Plaintiff argues he was not given a full and fair opportunity to litigate his § 1981 claims because he was poisoned by defendant and its counsel during his deposition on September 6, 2006. However, plaintiff did not raise this allegation while Merswin I was pending. Plaintiff states that his deposition was taken on September 6, 2006, but he did not file a response to defendant's motion for summary judgment until October 31, 2006. See Dkt. # 50. Plaintiff could have raised his poisoning allegation in response to defendant's motion

8

for summary judgment and could have asked the Court to exclude certain evidence from consideration when ruling on defendant's motion. However, plaintiff did not claim that he had been poisoned during his deposition until he filed this case on July 1, 2008. Even if the court were to assume that this allegation is true, plaintiff still enjoyed a full and fair opportunity to litigate his claims because he could have raised his allegations of poisoning in Merswin I or challenged the admissibility of his deposition testimony in response to defendant's motion for summary judgment. When other remedies are available to the objecting party during the course of the original trial, the Tenth Circuit has declined to except a second suit from res judicata on the grounds that the party objecting to res judicata was not given a full and fair opportunity to litigate his claim. Satterfield v. Olsten Kimberly Quality Care, 2000 WL 94055 (10th Cir. Jan. 28, 2000) (unpublished) (although plaintiff received his EEOC letter late, the court declined to except his second claim from the effects of res judicata because he could have amended his original complaint to include it).[1] Plaintiff could have raised his concerns before judgment was entered in Merswin I or in a post-judgment motion, and he may not rely on these allegations to avoid the effect of res judicata in a subsequent lawsuit. Therefore, res judicata applies and plaintiff is barred from re-litigating his § 1981 claims in a subsequent case.

**B.**

Defendant seeks dismissal of plaintiff's § 1985(2) claim under Rule 12(b)(6) because plaintiff has not alleged any facts that create an inference that a conspiracy existed to violate his civil rights. Plaintiff responds that defense counsel conspired with TWC by poisoning him during his

---

[1] Unpublished decisions are not precedential, but may be cited for their persuasive value. See Fed. R. App. 32.1: 10th Cir. R. 32.1.

deposition in <u>Merswin I</u> and he has sufficiently alleged that these actions were part of conspiracy to discriminate against plaintiff because of his race.

Defendant argues that plaintiff's § 1985 claim for obstruction of justice does state a plausible claim for relief. Section 1985(2) provides four separate claims for relief. <u>Wright v. No Skiter Inc.</u>, 774 F.2d 422, 425 (10th Cir. 1985). The relevant portion of § 1985(2) provides a remedy "[i]f two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws . . . ." 42 U.S.C § 1985(2). A claim under § 1985 specifically requires two or more people to act in conspiracy with one another. <u>Abercrombie v. City of Catoosa</u>, 896 F.2d 1228 (10th Cir. 1990). A conspiracy is characterized by communication between the parties and an eventual "meeting of the minds" in order to commit an unlawful act. <u>Id</u>. at 1231. In addition, the conspiracy must be designed to further the requisite purpose of the section--in this case, to deny a citizen the equal protection of the laws. <u>Brown v. Chaffe</u>, 612 F.2d 497 (10th Cir. 1979).

Plaintiff's conclusory allegations concerning the conduct of defense counsel at his deposition do not state a claim that is plausible on its face. Plaintiff alleges that defendant, through its representatives, "conspired to obstruct the due course of justice with intent to injure a citizen . . . for lawfully enforcing his right to the equal protection of the laws" and that "as a direct result of Defendant's negligence and willful misconduct on September 6, 2006, Merswin also has suffered emotional harm and fear." Dkt. # 1, at 11. These are nothing more than conclusory statements that are unaccompanied by specific factual averments, and, therefore, do not rise to the level of plausibility required to withstand a Rule 12(b)(6) motion. Plaintiff fails to provide any details in his complaint as to the alleged obstruction of justice. Despite a more detailed account of the alleged

incident in later pleadings, the Court must consider only the complaint and those documents incorporated into it by reference or attachment. Smith v. United States, 561 F.3d 1090 (10th Cir. 2009). At best, this creates only the "suspicion of a legally cognizable right of action," but this is insufficient to survive dismissal under the Twombly standard. Section 1985 specifically requires two or more persons to act in conspiracy to deny a person the equal protection of the laws. Plaintiff generally alleges that a conspiracy existed, but provides no specific factual allegations in his complaint about the alleged conspiracy. He only refers to defendant's "representatives," failing to provide the names of the actual individuals involved in the alleged incident. Without identification of the alleged conspirators, it is impossible to establish the necessary communication and meeting of the minds necessary to support a conspiracy. Even if parties were named, there are no factual allegations from which to draw an inference that defendant intended to obstruct justice or interfere with the prosecution of plaintiff's prior lawsuit. Factual allegations concerning the existence of a conspiracy with a purpose to obstruct justice and deny equal protection are necessary for a § 1985(2) obstruction claim. Jaco v. Bloechle, 739 F.2d 239, 245 (6th Cir. 1984); Carhart v. Smith, 178 F. Supp. 2d 1068 (D. Neb. 2001); Lewin v. Cooke, 95 F. Supp. 2d 513, 525-26 (E.D. Va. 2000). Without additional facts, his simple assertion of a conspiracy cannot rise above the level of a conclusory allegation and is, therefore, not sufficient to state a claim for relief under § 1985.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss (Dkt. # 25) is **granted**. A separate judgment of dismissal is entered herewith.

**DATED** this 10th day of June, 2009.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT